**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ERIK C. BELFIORE )<br>3617 Martins Dairy Circle )<br>Olney, Maryland 20832 )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SUMMIT FEDERAL CREDIT UNION )<br>100 Marina Dr. )<br>Rochester, New York 14626 )<br>    Defendant, )<br>)<br>CREDIT BUREAU AFFILIATES )<br>821 Premption Road )<br>Bldg. 100 )<br>Geneva, New York 14456 )<br>    Defendant. )<br>_____ _____ ) | Case No. PJM-06cv431 |

**FIRST AMENDED COMPLAINT**

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a)..

2. This Court has jurisdiction over the defendant named herein pursuant to Md. Code, Cts. and Jud. Proc., § 6-307; Md. Code Ann., Corps. & Ass'ns., §§ 1-401(b), 7-104, 7-105, 7-202 and Md. Rule §§ 2-121 and 2-124.

3. Venue is proper in this Court because a substantial portion of the transaction complained of herein occurred in the County of Montgomery, the incident at issue is whether the defendant properly reported on the credit accounts of the plaintiff pursuant to the Fair Credit reporting Act.

4. The defendant the Summit Federal Credit Union is a Regional Corporation with a principle place of business in the State of New York.

5.  The defendant Credit Bureau Affiliates is a corporation with a principle place of business in the State of New York.

## PARTIES

6.  The plaintiff Erik Belfiore is a resident of Montgomery County.

7.  The Summit Federal Credit Union is a New York Corporation which conducts financial services to the plaintiff in the State of Maryland.

8.  Credit Bureau Affiliates is a third party debt collection agent for the defendant the Summit Federal Credit union.

## PRELIMINARY STATEMENT

9.  Plaintiff brings this action for damages based upon defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. sections 1681 et seq. ("FCRA"), and of state law obligations brought as supplemental claims.

10. Plaintiff is a natural person and is a resident and citizen of the Montgomery County, the State of Maryland and of the United States. Plaintiff is a "consumer" as defined by sections 1681 a(c) of the FCRA.

11.. Summit Federal Credit Union, ("Summit") is a credit union doing business in the State of New York.

12. Summit is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTUAL ALLEGATIONS

13. On or about July 15, 2004, plaintiff received a letter from Debbie Manfredi of the Summit Federal Credit Union regarding the referral of his accounts to defendant Credit Bureau Affiliates for collection.

14. This letter indicated the plaintiff's credit card account and line of credit were referred to defendant Credit Bureau Affiliates for collection on April 24, 2004. Neither the defendant the Summit Federal Credit Union nor the defendant

Credit Bureau Affiliates contact the plaintiff during the period of April 24, 2004 thru July 15, 2004.

15. Between the dates of April 24, 2004 and July 15, 2004, the plaintiff made the following payments:

| Account No. | 13257-L8 | 4232322920223740 |
|---|---|---|
| May 3, 2004 | $300.00 | $125.00 |
| June 1, 2004 | $260.00 | $100.00 |
| July 15, 2004 | $260.00 | $100.00 |

The minimum required payment on account 13257-L8 was $260.00 per month. The minimum required payment on account 423232292022374 was $72.00 per month

16. The plaintiff inquired as to this letter since he had not received any communication from Credit Bureau Affiliates regarding the collection of his account.

17. On the same date, July 15, 2004, the defendant inaccurately and maliciously reported the defendant's account 13257-L8 as 120 days late. This credit reporting was highly unusual considering the account had previously been reported as 60 days late a month before in June of 2004.

18. The defendant's collection policy instructs it to refer accounts to collection after it has been verified as 120 days late.

19. On several occasions, Mr. Belfiore disputed the inaccurate credit information placed on his file. Upon review, Experian, Equifax and Transunion submitted inquiries to Summit Federal Credit Union asking it to verify the information provided to it regarding the credit record of Mr. Belfiore.

20. On each occasion, the defendant responded to the credit agencies suggesting "no change," thus indicating the information it had provided was accurate.

21. The defendant maintained ownership of the plaintiff's account while referring the account to its agent for collection. The account was maintained on the books of the defendant and the defendant continued to report the accounts to the credit reporting agencies.

22. On or about July 29, 2004, the plaintiff received his first communication from Credit Bureau Affiliates through the mail. In this communication, the Credit Bureau Affiliates made no reference to the validation of the debt.

23. The plaintiff was informed by the Credit Bureau Affiliates that he was to pay a fee of twenty-five percent of the amount outstanding addition to the amount owed for the collection effort.

24. While continuing his efforts to resolve the dispute, the plaintiff, under protest, commenced making payments to the Credit Bureau Affiliates.

25. At all times relevant, the credit reporting responsibility for the plaintiff's debt was maintained by the defendant.

26. The plaintiff continued calling and writing the defendant and collection agent to refute the level of delinquency and the decision to refer the accounts to collection and received no response to his letter.

27. On or about August 13, 2004, the plaintiff filed a dispute with the credit bureau as to the accuracy of the information reported.

28. On or about September 8, 2004, the plaintiff received a result of the investigation from Equifax reflecting "no change."

29. Throughout the period of July 15, 2004 thru September 30, 2005, the plaintiff made substantial payments to his accounts, however, defendant's report of account 13527-L8 reflected no change, however, Account No. 4232322920223740 was reflected as current as September 2004.

30. On or about October 4, 2005, the credit bureaus reflected account no. 13527-L8 as current as of July 30, 2005.

31. On or about October 15, 2005, the defendant reported plaintiff's account no 13527-L8 as thirty (30) days late, thus not reflecting the payment of $2,000.00 made in September.

32. On or about November 1, 2005, the plaintiff filed a dispute with credit reporting agencies regarding the inaccurate reporting of his accounts held by the defendant.

33. On November 30, 2005, the defendant updated the accounts to be current as of May 2005.

34. On December 1, 2005, plaintiff submitted his complaint to the National Credit Bureau Association. In response to his complaint, the defendant performed another review and acknowledged an "employee error" and promised to correct all derogatory and inaccurate information.

35. On or about December 15, 2005, the defendant memorialized its intentions in a letter admitting that it was in error while alleging, "this reporting difference was because of an employee error and misapplication of payments." This information was communicated to all three credit bureaus and plaintiff credit file was updated accordingly.

37. Subsequently thereafter, plaintiff contacted Mark Gregory, Vice President, of the Summit Federal Credit Union in an attempt to resolve a potential issue.

38. During this matter the defendant threatened to turn this into a collection account, despite the fact that, as of December 15, 2005 letter, it was already reported to the three (3) credit reporting agencies as a current account.

39. On or about December 23, 2005, Mr. Belfiore was contacted by Leanne McGuinness to resolve this matter. Leanne McGuinness and Mr. Belfiore reached an agreement to clear all derogatory information from his credit report and waive the remaining balance.

40. On or about December 24, 2005, Mr. Belfiore received a copy of his credit report and found that defendant Summit Federal Credit Union was now reporting his account as a collection account since February of 2004.

41. At no time prior to this reporting was the plaintiff's account being reported as a collection account. It is further accepted and admitted by all parties involved that plaintiff's account was current.

## ADDITIONAL ALLEGATIONS

The above and foregoing actions, inactions and fault of defendant, as to each and every count, have proximately caused a wide variety of damages to plaintiffs.

Defendant's false credit reporting about plaintiffs have been a substantial factor in causing credit denials and other damages. Defendant is liable unto plaintiffs for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, property damage, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

## STATEMENT OF CLAIMS AGAINST DEFENDANT SUMMIT FEDERAL CREDIT UNION

42. Summit Federal Credit Union has:

a) willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA section 1681s-2(b);

b) negligently supervised its collection agency, Credit Bureau Affiliates while allowing it to charge an unwarranted flat rate fee of $2,500.00.

c) violated the Fair Credit Reporting Act;

d) defamed plaintiff by publishing to third parties information regarding his creditworthiness;

e) invasion of the privacy of plaintiff;

f) misrepresentation;

g) committed unfair and deceptive acts against plaintiff in the course if its business in violation of the Consumer Protection Act, Md. Com. Law Code Ann. § 13-101 et al.;

h) failed its duty to prevent foreseeable injury to plaintiff.

## COUNT 1–NEGLIGENCE

43. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 38 above.

44. Defendant owed duties of reasonable care to plaintiffs.

45. Defendant failed to exercise reasonable care and prudence in the accounting of the loan it had with plaintiffs, in impermissibly billed unnecessary charges to said loan, in issuing bills and false reports about the charges, and in the reporting and attempted collection of the disputed amounts and account, each subsequent reporting and re-reporting, the handling and reinvestigation of data about plaintiffs, all made the subject of this suit, and which consequently caused damage to the plaintiffs.

## COUNT II NEGLIGENT SUPERVISION OF COLLECTION AGENCY

46. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 44 above.

47. At all times relevant hereto, defendant Credit Bureau Affiliates was an agent of the defendant the Summit Federal Credit Union employed to collect the debt of the plaintiff.

48. The defendant Credit Bureau Affiliates collected the payments of the plaintiff and willfully and/or negligently applied the payments to the accounts in a manner to consistently show late payments

49. The defendant the Summit Federal Credit Union knew, or should have known the payments were not being applied to the accounts of the plaintiff appropriately and that plaintiff's damages to his credit history were foreseeable.

50. The defendant, as owner of the plaintiff's accounts, is responsible for all of the acts of its agent, Credit Bureau Affiliates, within the scope of its employment.

51. Defendant the Summit Federal Credit Union has a duty to use reasonable care in the selection of a debt collection agent which is competent and fit to perform debt collection duties.

52. Defendant the Summit Federal Credit Union had actual knowledge of the defendant Credit Bureau Affiliates debt collection history.

53. Defendant the Summit Federal Credit Union ignored the business practices of the defendant Credit Bureau Affiliates indicating it would not perform the debt collection practices assigned to it.

54. A reasonable and prudent principal would not have ignored such indications of defendant Credit Bureau Affiliates' unfitness for such duties.

55. Because of the defendant Credit Bureau Affiliates failure to credit the accounts of the plaintiff, the likelihood of the false reporting to the credit file of the plaintiff was foreseeable.

56. Defendant the Summit Federal Credit Union breached its duty to use reasonable care to select a debt collection agent that was competent and fit for the collection of plaintiff's account.

57. As a result of the defendant's negligence in supervising the defendant Credit Bureau Affiliates as a debt collection agent, plaintiff was injured as alleged.

**COUNT III VIOLATIONS OF THE FAIR CREDIT REPORTING ACT THROUGH THE FAILURE TO PERFORM A REASONABLE REINVESIGATON**

58. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 57 above.

59. Defendants regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about their transactions or experiences with consumers, and thus must comply with the provisions of Section 623(a)(2) of the FCRA, 15 U.S.C. § 1681s-2(a)(2).

60.     In numerous instances, in the course and conduct of their business, defendant has furnished information relating to plaintiff to a consumer reporting agency when defendant knew or consciously avoided knowing that the information was inaccurate, and when defendants have not, clearly and conspicuously, specified to consumers an address for mailing notices disputing said information.

61.     Defendant furnished to consumer reporting agency information that defendant determined was not complete or accurate, defendant have failed to promptly notify the consumer reporting agency of the determination and provide to the agency any corrections to that information, or any additional information, that was necessary to make the information provided by the defendant to the agency complete and accurate; and defendant thereafter furnished to the agency information that remained incomplete and inaccurate.

62.     In numerous instances in which plaintiffs have informed defendants that they dispute information furnished by defendants to a consumer reporting agency, defendant have not reported the disputes to any or all of the consumer reporting agencies to which they furnish or have furnished the information.

63.     Plaintiff filed a dispute with the consumer reporting agencies Equifax, Experian and Transunion.

64.     The credit reporting agencies informed the defendant of the dispute and the defendant returned its investigation informing the parties of "No Change."

65.     Defendant informed the plaintiff of its failure to perform a reasonable reinvestigation after it received a complaint by the plaintiff to the National Credit Union Association.

66.     Defendant's acts have resulted in the following violations:

* The acts and practices alleged in paragraph 64 constitute violations of Section 623(a)(1)(A) of the FCRA, 15 U.S.C. § 1681s-2(a)(1)(A).
* The acts and practices alleged in paragraph 65 constitute violations of Section 623(a)(2) of the FCRA, 15 U.S.C. § 1681s-2(a)(2)

\*        The acts and practices alleged in paragraph 66 constitute violations of Section 623(a)(3) of the FCRA, 15 U.S.C. § 1681s-2(a)(3).

## COUNT IV–DEFAMATION

67.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 66 above.

68.    Defendant recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning plaintiffs with reckless disregard for the truth of the matters asserted.

69.    Defendant's publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of plaintiffs and caused severe humiliation, emotional distress and mental anguish to plaintiffs.

70.    Defendant was notified of inaccuracies and problems by plaintiffs however, the defendant continued to issue and/or publish report(s) to third parties which contained inaccurate information about plaintiffs.

71.    Defendant acted with willful intent and malice to harm plaintiffs.

## COUNT V INVASION OF PRIVACY

72.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 71 above.

73.    Defendant stated in its report to the credit reporting agencies that the defendant was 120 days late on his payments to the defendant.

74.    Defendant knew that plaintiff was never 120 days late on his payments to his two accounts with the defendant.

75.    The defendant published the facts about the plaintiff in a wreckless manner.

76.    After this false information was published to the credit reporting agencies the plaintiff was denied credit, received a higher interest rate on his auto loan, was refused a lower interest rate in the refinancing of his home, suffered through humiliation and emotional distress.

77. Defendant improperly publicized facts about Plaintiff which placed plaintiff in a false light by attributing to him a delinquent payment history which were false.

78. Defendant knew that the facts were highly offensive to any reasonable person.

79. As a result of the defendant's conduct the plaintiff suffered damages.

### COUNT VI–MISREPRESENTATION

80. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 79 above.

81. Defendant the Summit Federal Credit Union and defendant Credit Bureau Affiliates made numerous misrepresentations of facts to plaintiffs regarding the collection of his accounts and caused plaintiffs to rely upon said representations.

82. Defendants knew that the representation was false, or the representation was made with such reckless disregard for the truth that knowledge of the falsity of the statement can be imputed to the defendant.

83. Defendants made the false representation for the purpose of defrauding the plaintiff.

84. Plaintiff's reliance thereon was reasonable under all of the circumstances.

85. Plaintiff sustained damages as a result of the misrepresentations.

### COUNT VII–FAIR CREDIT BILLING ACT

86. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 85 above.

87. As alleged herein, defendant was notified by plaintiffs of billing errors, as required by law, and defendant failed to timely or properly respond, on multiple occasions and each such violation gives rise to a distinct action under the FCBA, 15 U.S.C. 1666, et. seq.

### COUNT VIII–DECEPTIVE TRADE PRACTICES-THE SUMMIT FEDERAL CREDIT UNION

88. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 87 above.

89. The violation of the Fair Credit Reporting Act constituted an unfair trade practice in violation of the Consumer Protection Act, Md. Com. Law Code Ann. § 13-101 et al., for which the defendant Summit Federal Credit Union is liable for damages incurred by the plaintiff, i.e. the attorney's fees and costs for which it has been held liable. Defendant succeeded in damaging the plaintiff through these unfair and deceptive trade practices as described herein.

**WHEREFORE**, plaintiff prays that this Court enter a Judgment in his favor and against the defendant as follows:

1. Ordering defendant to refund to the plaintiff all monies collected pursuant to its actions and policies and practices;

2. Awarding actual and treble damages pursuant to Consumer Protection Act, Md. Com. Law Code Ann. § 13-101 et al.;

3. Awarding reasonable attorney's fees and litigation expenses, plus costs of suit, pursuant to Consumer Protection Act, Md. Com. Law Code Ann. § 13-101 et al.;

4. Granting such other or further relief as is appropriate.

## COUNT IX–DECEPTIVE TRADE PRACTICES-CREDIT BUREAU AFFILIATES

90. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 89 above.

91. The Misrepresentation as alleged by the plaintiff constituted an unfair trade practice in violation of the Consumer Protection Act, Md. Com. Law Code Ann. § 13-101 et al., for which the defendant Credit Bureau Affiliates is liable for damages incurred by the plaintiff, i.e. the attorney's fees and costs for which it has been held liable. Defendant succeeded in damaging the plaintiff through these unfair and deceptive trade practices as described herein.

**WHEREFORE**, plaintiff prays that this Court enter a Judgment in his favor and against the defendant as follows:

1. Ordering defendant to refund to the plaintiff all monies collected pursuant to its actions and policies and practices;

2. Awarding actual and treble damages pursuant to Consumer Protection Act, Md. Com. Law Code Ann. § 13-101 et al.;

3. Awarding reasonable attorney's fees and litigation expenses, plus costs of suit, pursuant to Consumer Protection Act, Md. Com. Law Code Ann. § 13-101 et al.;

4. Granting such other or further relief as is appropriate.

**WHEREFORE,** plaintiff, Erik Belfiore, pray that after all due proceedings are had there be Judgment herein in favor of Plaintiffs and against Defendant, Summit Federal Credit Union and defendant Credit Bureau Affiliates, as follows:

That there be Judgment herein in favor of Plaintiffs, Erik Belfiore, and against defendant, Summit Federal Credit Union and defendant Credit Bureau Affiliates, for the following damages:

1. all reasonable damages sustained by Plaintiffs, including, but not limited to;
2. statutory damages;
3. compensatory damages associated with the costs of out-of-pocket expenses;
4. embarrassment;
5. inconvenience;
6. lost economic opportunity;
7. loss of incidental time;
8. frustration;
9. emotional distress;
10. aggravation;
11. credit related damages;

12. property equity losses;

13. credit denials;

WHEREFORE the Plaintiff further requests the following damages

1. punitive damages;

2. Reasonable attorney's fees;

3. costs incurred, and court costs;

4. other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid in full.

March 6, 2006                                              Respectfully submitted,

/s/ William C. Johnson, Jr.
_____
William C. Johnson, Jr., Esq.
3420 Hampton Hollow Rd. Ste L
Silver Spring, MD 20904
(202) 347-8833