# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERIK C. BELFIORE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil No. PJM 06-431 |
| | * |
| SUMMIT FEDERAL CREDIT | * |
| UNION, et al., | * |
| | * |
| Defendants. | * |

## **MEMORANDUM OPINION**

**I.**

This suit arises in consequence of an extension of credit made to Erik C. Belfiore, a Maryland resident, by Summit Federal Credit Union (SFCU), a federal credit union with headquarters and branches in Monroe County, New York, just outside of Rochester. Belfiore sued SFCU in the Circuit Court for Montgomery County, Maryland, alleging nine counts of actionable conduct, including violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 et seq.

SFCU removed the case to this Court and Belfiore thereafter filed an Amended Complaint, adding Credit Bureau Affiliates (CBA), located in Geneva, New York, SFCU's collection agent, as a Co-Defendant.

SFCU and CBA have moved to dismiss the Complaint or, in the alternative, to have the case transferred to the United States District Court for the Western District of New York, pursuant to 28 U.S.C. §1404(a). The Court will DENY the Motions to Dismiss, but will GRANT the Motions to Transfer.

**II.**

Belfiore was a member of the SFCU and a resident of Rochester when he obtained the line of credit from SFCU that eventuated in this Complaint. His claim, in essence, is that Defendants inaccurately and maliciously reported the status of his account with SFCU as elaborated upon in his nine counts.

Defendants argue that the case should be dismissed or transferred because SFCU's Membership and Account Agreement ("MAA"), which governs Belfiore's relationship with SFCU, contains a mandatory choice of forum clause. In pertinent part, the clause provides that "any legal action regarding this Agreement shall be brought in the county in which the Credit Union is located." Since SFCU is located in Monroe County, New York, Defendants contend that the case should either be dismissed or transferred to the Rochester Division of the United States District Court for the Western District of New York. CBA argues that it is covered by the same choice of forum clause and seeks a similar disposition.[1]

### III.

Mandatory [2] choice of forum clauses will be enforced unless they are "unreasonable." [3] *Davis Media Group*, 302 F. Supp. 2d at 466 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. at 10). "Choice of forum and law provisions may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2)

---

[1] A party trying to defeat a mandatory choice of forum clause bears a "heavy burden." *See Davis Media Group v. Best Western Int'l, Inc.*, 302 F. Supp. 2d, 464, 469-70 (D. Md. 2004); *see also*, *e.g.*, *Sarmiento v. BMG Entm't*, 326 F. Supp. 2d 1108, 1111 (C.D. Cal. 2003) ("[I]f the resisting party fails to come forward with anything beyond general and conclusory allegations of fraud and inconvenience, the court must uphold the agreement"). The Court notes that Belfiore has filed no opposition to Defendants' Motions.

[2] The choice of forum clause at issue here, which provides that "any legal action regarding this Agreement *shall* be brought in the county in which the Credit Union is located," (emphasis added) is mandatory because it contains "clear language showing that jurisdiction is appropriate only in the designated forum." *See Koch v. Am. Online, Inc.*, 139 F. Supp. 2d 690, 693 (D. Md. 2000).

[3] The starting point for determining whether a choice of forum clause is enforceable is to determine what law to apply. In diversity cases, a federal court applies state law. *See Eisaman v. Cinema Grill Sys., Inc.*, 87 F. Supp. 2d 446, 448 (D. Md. 1999). In federal question cases, the Court applies federal law. *Id.* Here, there is both diversity and federal question jurisdiction. As to the federal question, the only two states whose law could apply to this dispute, New York and Maryland, have adopted the federal standard articulated in *M/S Bremen v. Zapata Off-Shore Co.* 407 U.S. 1, 10 (1972); *See Brooke Group v. JCH Syndicate 488*, 87 N.Y.2d 530, 534 (N.Y. 1996); *Gilman v. Wheat, First Sec., Inc.*, 692 A.2d 454, 462-63 (Md. 1997). Thus the issue of choice of law insofar as the federal causes of action are concerned is academic. There is no indication that the causes of action available under New York law differ substantially from the causes of action available under Maryland law.

the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state." *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996).

There is no doubt that the choice of forum clause covers the instant dispute *vis-a-vis* SFCU. Although Belfiore no longer sues SFCU for breach of the MAA, the contract that contains the choice of forum clause, he did allege breach of the contract in his original Complaint, which he dropped in his Amended Complaint. The host of non-contract claims he now asserts are little more than a desperate attempt to plead around the choice of forum clause. Such a clause however, cannot be defeated by "artful pleading." *See Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3d Cir. 1983). "[P]leading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms." *Crescent Int'l, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944 (3d Cir. 1988). Belfiore's claims clearly arise out his contractual relation with SFCU, and they implicate the MAA's terms because they allege a breach of the duties which arise out of or are defined by the MAA.[4]

The Court next considers whether the choice of forum clause is unreasonable. The Court concludes that it is not.

First, there is no suggestion of fraud or overreaching in its conception. SFCU has provided an affidavit from its Vice-President of Member Services, Barbara Rothfuss, in which she avers that the MAA SFCU had with Belfiore is the standard membership agreement that was in effect at the time Belfiore entered into it. Rothfuss further states that, as a matter of practice, the MAA is provided to an SFCU customer when

---

[4] A narrower construction of the choice of forum clause would render the clause virtually meaningless. *Cf. Vartec Telecom, Inc. v. BCE Inc.*, No. 3:02-CV-2585-M, 2003 U.S. Dist. LEXIS 18072, at *15 (N.D. Tex. Oct. 9, 2003) (refusing to exempt fraud claims from coverage of forum selection clause on grounds that to do so would render the clause meaningless).

an account is opened, and that all amendments to the MAA are mailed to customers along with their quarterly statements. Even were the MAA characterized as a "contract of adhesion," *i.e.* one "drafted unilaterally by the dominant party and then presented on a take-it-or-leave-it basis to the weaker party who had no real opportunity to bargain about its terms," *Jones v. Genus Credit Management Corp.*, 353 F. Supp. 2d 598, 601 (D. Md. 2005) (citing *Meyer v. State Farm Fire & Cas. Co.*, 582 A.2d 275, 278 (Md. Ct. Spec. App. 1990), that would not make enforcement *per se* unreasonable. *See Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991). It was eminently reasonable for an entity such as SFCU, which does not have a national presence, to include a choice of forum clause in the MAA. As Rothfuss indicates, SFCU's headquarters and most of its branches are located in Monroe County, New York, and essentially all of its witnesses and all documents related to this action are located there. Belfiore, moreover, was a resident of Monroe County, New York, when he began his relationship with SFCU. He could fairly have been asked to agree that any disputes regarding his loan from SFCU be litigated where SFCU had its principal offices.

Second, there is nothing to suggest that enforcing the choice of forum clause will deprive Belfiore of his day in court or him of a remedy. While it may be less convenient for him to litigate in New York as opposed to Maryland, this is not the type of "grave inconvenience" that makes enforcement unreasonable. *See Davis Media Group*, 302 F. Supp. 2d at 469. Nor will Belfiore be deprived of a remedy by reason of the law that will be applied in New York since Belfiore's federal claims are based on the same federal law applicable in both New York and Maryland and the New York state law-based causes of action do not appear to differ substantially from those available under Maryland state law.

Finally the Court finds that enforcement of the choice of forum clause does not contravene the policy of Maryland. *See id*. SFCU is entitled to have the choice of forum law in the MAA enforced.[5]

---

[5] The FCRA contains no provision suggesting that venue should be determined any differently in FCRA cases than in other federal cases. Contrary to Belfiore's assertions, the Congressional findings and statement of purpose contained in the FCRA suggest that the purpose of the Act was primarily to standardize practices in the industry, not to grant individuals greater power in relation to credit reporting agencies. See 15 U.S.C. §1681(a). The Court has located no FCRA case in

**IV.**

CBA seeks to avail itself of the same choice of forum clause that SFCU relies on.  The Court finds that CBA is entitled to do so.

With regard to non-parties being covered by choice of forum clauses, it is generally held that all participants, parties, and non-parties are covered by choice of forum clauses so long as their alleged conduct is "closely related" to the contract in question.  *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir.); *See also Coastal Steel v. Tilghman Wheelabrator LTP,* 709 F.2d 190, 202-03 (3d Cir. 1983); *Manetti-Farrow, Inc. v. Gucci Am., et al.*, 858 F.2d 509, 514, n.5 (9th Cir. 1988); *Banco Popular de Puerto Rico v. Airborne Group PLC, et al.*, 882 F. Supp. 1212, 1216 (D.P.R. 1995).  Obviously when the non-party is acting as an agent of a party, as Belfiore concedes in his Complaint CBA was for SFCU, it is unquestionably covered by the choice of forum clause in the contract of the principal.

**V.**

The Court's conclusion that it would not be unreasonable to enforce the choice of forum  clause is not the end of the story.  The Court must also determine whether it is appropriate to dismiss or transfer the case.  Since transfer is generally the favored route where the Court has a choice between transfer and dismissal, *see Davis Media Group*, 302 F. Supp. 2d  at 470, the Court opts for transfer.

While this is a case in which the choice of forum clause would trump any and all § 1404(a) considerations in any event, it is also apparent that the overall convenience of the parties and witnesses and the interest of justice indicate that this case should be tried, if at all, in Federal Court in New York State.

---

which a court has applied any factors other than those of 28 U.S.C. §1404 in determining the propriety of venue.  *See e.g. Mullins v. Equifax Info. Serv.*, No. 3:05CV888, 2006 U.S. Dist. LEXIS 24650 (E.D. Va. Apr. 28, 2006).

**VI.**

Accordingly, Defendants Motions to Dismiss are **DENIED**, and their Motions to Transfer Venue are **GRANTED**.

A separate Order **SHALL ISSUE**.

                                                               /s/
                                            **PETER J. MESSITTE**
September 12, 2006                    **UNITED STATES DISTRICT JUDGE**